**Zhen–Hua GAO, Plaintiff,**

v.

**Carol A. JENIFER, District Director, Immigration and Naturalization Service, Defendant.**

No. 5:97–CV–12.

United States District Court,
W.D. Michigan,
Southern Division.

Dec. 22, 1997.

Behzad Ghassemi, Lansing, MI, for plaintiff.

W. Francesca Ferguson, Asst. U.S. Attorney, Michael H. Dettmer, United States Attorney, Grand Rapids, MI, Gretchen M. Wolfinger, Office of Immigration Litigation, Washington, DC, for defendant.

## OPINION

ROBERT HOLMES BELL, District Judge.

Plaintiff Zhen–Hua Gao filed this action against Carol A. Jenifer, District Director of the Immigration and Naturalization Service ("INS"), to review the INS's denial of his application for special immigrant juvenile status. This matter is before the Court on Defendant's motion to dismiss for failure to state a claim.

### I.

Plaintiff Zhen–Hua Gao was born in the People's Republic of China on August 1, 1977. On February 14, 1994, when he was 16 years old, he entered the United States without inspection. He was not accompanied by his parents or any other adult. Plaintiff was arrested and charged with deportability under section 241(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(1)(B), for entering the United States without inspection. Plaintiff was detained in the custody of the INS. Because Plaintiff was an unaccompanied juvenile, the INS placed him in the custody of Lutheran Social Services of Michigan ("LSSM").

On May 9, 1994, Patricia Lipsey of LSSM filed a petition for temporary wardship of Plaintiff in the Ingham County Probate Court, Juvenile Division. On June 22, 1994, the Probate Court determined that Plaintiff was a juvenile dependent on the Probate Court, that he was eligible for long-term foster care, and that it was not in his best interest to be returned to his country. Plaintiff was placed with a foster family pursuant to an order issued by the Ingham County Probate Court.

On September 15, 1994, Plaintiff filed a Petition with the INS seeking status as a Special Immigrant Juvenile under section 101(a)(27)(J) of the INA, 8 U.S.C. § 1101(a)(27)(J). On June 19, 1995, the INS district director denied the petition. Plaintiff filed a timely appeal with the Administrative Appeals Unit ("AAU"). On August 28, 1995, Plaintiff was placed on a $5000 immigration bond. On July 23, 1996, the AAU denied Plaintiff's appeal. Plaintiff filed this action on January 29, 1997. The matter was re-opened by the INS and a new decision was issued May 14, 1997, which again denied Plaintiff's appeal on the basis that Plaintiff was, and continues to be, in the legal custody of the INS. Plaintiff filed this action, alleging that the INS's refusal to grant his special immigrant petition is arbitrary, capricious, and an abuse of discretion.

### II.

Defendant has filed a motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim on which relief can be granted.

In evaluating a motion to dismiss under Rule 12(b)(6) the court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995) (citing cases), *cert. denied,* 516 U.S. 1158, 116 S.Ct. 1041, 134 L.Ed.2d 189 (1996). To be entitled to relief, Plaintiff must allege facts sufficient to show that the INS's denial of Plaintiff's petition amounted to an abuse of discretion, i.e., that it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis. *Gonzalez v. Immigration and Naturalization Serv.,* 996 F.2d 804, 808 (6th Cir. 1993).

■ Plaintiff contends that the INS's denial of his petition for status as special immigrant juvenile is contrary to sections 101(a)(27)(J) and 245(h) of the INA. Under the INA certain alien juveniles may be deemed "special immigrants" and receive relief from deportation based upon findings made in a state juvenile court. A special immigrant juvenile is defined in the INA as follows:

> an immigrant (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State and who has been deemed eligible by that court for long-term foster care, and (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence ...

8 U.S.C. § 1101(a)(27)(J). Under section 245(h), a special immigrant juvenile as described in 8 U.S.C. § 1101(a)(27)(J) is deemed to have been paroled into the United States. 8 U.S.C. § 1255(h).

Plaintiff contends the Ingham County Probate Court order, which placed him in the temporary custody of the court and found that his return to China was not in his best interest, satisfied the requirements for special immigrant juvenile status under the INA.

Defendant contends Plaintiff is not eligible for special juvenile immigrant status as a matter of law because the declaration of dependency from the Michigan Probate Court that Plaintiff relies on to establish his eligibility was preempted by federal law and without legal effect.

■ Article VI of the Constitution provides that the laws of the United States "shall be the supreme Law of the Land." U.S. Const. Art. VI, cl. 2. State law that conflicts with federal law is "without effect." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). Federal authority over immigration matters is very broad. "[T]he responsibility for regulating the relationship between the

United States and our alien visitors has been committed to the political branches of the Federal Government. Over no conceivable subject is the legislative power of Congress more complete." *Reno v. Flores*, 507 U.S. 292, 113 S.Ct. 1439, 123 L.Ed.2d 1, 19 (1993) (citations omitted). *See also Mansour v. Immigration and Naturalization Serv.*, 123 F.3d 423, 425 (6th Cir.1997).

Plaintiff acknowledges in his complaint that he entered the United States without inspection, that he was arrested by the INS, and that he was placed with LSSM. Accordingly, there is no dispute in this case that the INS had prior and continuing jurisdiction over Plaintiff before he appeared before the state probate court on the dependency petition.

■ Although Plaintiff was placed by the INS in the physical custody of Lutheran Social Services, the INS retained legal custody over him. The INS agreement with Lutheran Social Services makes this explicit: "These minors, although released to the physical custody of the CRS Recipient, shall remain in the legal custody of the INS." Cooperative Agreement Between the Government of the United States of America and Lutheran Immigration and Refugee Services, Article I, § 1.1(b). The prior and continuing jurisdiction of the INS was also noted in the dependency petition filed in the probate court. The Petition states that Plaintiff "has been under Immigration and Naturalization Services custody and eligible for INS funded foster care services administered through Lutheran Immigration and Refugee Services and supervised directly by Lutheran Social Services of Michigan." The probate court petition further states that the minor "is subject to the prior continuing jurisdiction of another court: U.S. Immigration Court."

In *Reno v. Flores*, 507 U.S. 292, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993), the Supreme Court noted the problem of the large number of unaccompanied alien juveniles who are arrested each year and who need to be cared for pending resolution of their deportation proceedings. *Id.* 113 S.Ct. at 1443, 123 L.Ed.2d at 12. The Court noted that if the juvenile is not turned over to a parent

or designated guardian, then an INS official is required to locate suitable placement. " 'Legal custody' rather than ·'detention' more accurately describes the reality of the arrangement, however, since these are not correctional institutions but facilities that meet 'state licensing requirements for the provision of shelter care, foster care, group care, and related services to dependent children.' " *Id.* at 1445, 123 L.Ed.2d at 14. Although physical custody has been delegated to social services agencies who can better accommodate the special needs of juveniles, juveniles in such foster care are still in the legal custody of the INS. *Id.*

If Plaintiff had not been previously arrested and taken into the custody of the INS, it appears that he would meet the special immigrant juvenile provisions. However, because Plaintiff was arrested, detained, ·and in the legal custody of the INS at the time of the probate court proceedings, the state probate court had no jurisdiction over him.

Where a juvenile is already in the legal custody of the INS and is the subject of deportation proceedings, the state juvenile court lacks jurisdiction to subsequently find that the child is in need of protection. The federal immigration proceedings preempt the state court proceedings and the state court is without jurisdiction to find the juvenile dependent. *In re Welfare of C.M.K.,* 552 N.W.2d 768, 770 (Minn.App.1996). *See also In re Welfare of Y.W.,* Nos. C8–96–715, CX–96–649, 1996 WL 665937, *2 (Minn.App. Nov.19, 1996).

▪ Plaintiff has not stated a claim for abuse of discretion by the INS. A valid dependency order is· a prerequisite for special immigrant juvenile status. The INS properly denied Plaintiff's petition for special immigrant· juvenile status because the probate court order was preempted by the prior legal custody of the INS. Defendant's motion to dismiss will accordingly be granted.

An order. consistent with this opinion shall be entered.

### ORDER OF DISMISSAL

In accordance with the opinion entered this date,

IT IS HEREBY ORDERED that Defendant's motion to dismiss for failure to state a claim (Docket # 6) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED in its entirety.